IN THE IOWA DISTRICT COURT FOR LINN COUNTY

DERRICK DIXON, Individually; and )
CATERIA DIXON, Individually and as )
Parent and Next Friend of DD, )
            )    CASE NO. _____
         Plaintiffs, )
            )    **PETITION AT LAW**
vs.             )    **AND JURY DEMAND**
            )
BASSEL EID, M.D.; CEDAR RAPIDS )
MEDICAL EDUCATION FOUNDATION; )
CEDAR RAPIDS MEDICAL EDUCATION )
FOUNDATION d/b/a CEDAR RAPIDS )
FAMILY MEDICAL RESIDENCY; )
EASTERN IOWA HEALTH CENTER; )
ST. LUKE'S METHODIST HOSPITAL; and )
ST. LUKE'S METHODIST HOSPITAL )
d/b/a UNITYPOINT HEALTH CEDAR )
RAPIDS and/or ST. LUKE'S METHODIST )
HOSPITAL, )
            )
         Defendants. )

## COUNT I
### (Claims of DD)

        COMES NOW Plaintiff Cateria Dixon, as Parent and Next Friend of DD,

and for cause of action against Defendants Bassel Eid, M.D.; Cedar Rapids

Medical Education Foundation; Cedar Rapids Medical Education Foundation

d/b/a Cedar Rapids Family Medical Residency; Eastern Iowa Health Center; St.

Luke's Methodist Hospital; and St. Luke's Methodist Hospital d/b/a UnityPoint

Health Cedar Rapids and/or St. Luke's Methodist Hospital, states as follows:

        1.     Plaintiffs Cateria Dixon and DD are residents of Phoenix, Arizona.

Plaintiff Derrick Dixon is a resident of Linn County, Iowa.

        2.     Plaintiffs Derrick Dixon and Cateria Dixon are the father and mother

of DD (DOB: 4/10/15).

3.　　Plaintiff Cateria Dixon brings this claim on behalf of her son DD, as his parent and next friend.

4.　　Defendant Bassel Eid, M.D. is a licensed medical doctor and at all times material hereto practiced in Linn County, Iowa.

5.　　Defendant Cedar Rapids Medical Education Foundation is a corporation duly organized and existing under the laws of the State of Iowa and at all times material hereto operated and did business in Cedar Rapids, Linn County, Iowa.

6.　　At all times material hereto, Defendant Cedar Rapids Medical Education Foundation operated a residency program and did business as Cedar Rapids Family Medical Residency.

7.　　Defendant Eastern Iowa Health Center is a corporation duly organized and existing under the laws of the State of Iowa and at all times material hereto did business in Cedar Rapids, Linn County, Iowa.

8.　　Defendant St. Luke's Methodist Hospital is a corporation duly organized and existing under the laws of the State of Iowa and at all times material hereto did business in Cedar Rapids, Linn County, Iowa.

9.　　At all times material hereto, Defendant St. Luke's Methodist Hospital did business as UnityPoint Health Cedar Rapids and/or St. Luke's Methodist Hospital.  St. Luke's operated through and/or as part of the UnityPoint Health System.

10.　　At all times material hereto, Defendant Bassel Eid, M.D. was an employee and/or agent of Defendant Cedar Rapids Medical Education Foundation, Defendant Cedar Rapids Medical Education Foundation d/b/a Cedar

2

Rapids Family Medical Residency, and/or Defendant Eastern Iowa Health Center and was acting within the scope of his employment or agency with said Defendants.

11.    At all times material hereto, Defendant Bassel Eid, M.D. was an employee and/or agent of Defendant St. Luke's Methodist Hospital and/or Defendant St. Luke's Methodist Hospital d/b/a UnityPoint Health Cedar Rapids and/or St. Luke's Methodist Hospital.

12.    Plaintiff Cateria Dixon was admitted to St. Luke's Hospital in Cedar Rapids, Iowa shortly after midnight on April 10, 2015, to give birth to her son DD.

13.    Defendants, their agents and employees agreed to undertake and provide medical care, treatment, and supervision to Plaintiff Cateria Dixon and for her pregnancy at the time of her admission and throughout the course of her hospitalization at St. Luke's Hospital.

14.    Plaintiff Cateria Dixon received medical care, treatment, and supervision while at St. Luke's Hospital from the Defendants, their agents and employees on and after April 10, 2015.

15.    Defendants, their agents and employees were negligent and violated the standard of care owed to Plaintiff Cateria Dixon and DD in their care, treatment and supervision of Plaintiff Cateria Dixon and her pregnancy.

16.    The negligence and violations of standards of care referred to above include, but are not limited to, the following:

      a.    Failure to properly manage Cateria Dixon's labor;

      b.    Failure to perform a timely cesarean section;

3

        c.     Failure to properly manage Cateria Dixon's and DD's medical treatment once shoulder dystocia was discovered;

        d.     Failing to timely call for proper assistance when the shoulder dystocia was discovered.

17.    As a result of Defendants' negligence and their breach of the standard of care, Plaintiff DD suffered personal injuries and damages attendant thereto including, but not limited to, the following:

        a.     Brachial plexus injury;

        b.     Erb's palsy;

        c.     Hypoxic-ischemic encephalopathy;

        d.     Convulsions and seizures;

        e.     Respiratory distress;

        f.     Torticollis.

18.    Plaintiffs seek recovery against Defendants herein under all legal theories cognizable under Iowa law including, but not limited to:

        a.     Negligence;

        b.     Breach of the standard of care.

19.    Plaintiff Cateria Dixon, as Parent and Next Friend of DD, seeks recovery on behalf of DD for all damages cognizable under Iowa law including, but not limited to, damages for the following:

        a.     Medical expense once DD attains the age of majority;

        b.     Loss of future earning capacity;

        c.     Past physical and mental pain and suffering;

        d.     Future physical and mental pain and suffering;

4

     e.     Past loss of mind and body function;

     f.     Future loss of mind and body function;

     g.     Disfigurement;

     h.     Any other damages to DD cognizable under Iowa law.

20.     The damages suffered by DD are in excess of the jurisdictional requirements of Rule 6.103, Iowa Rules of Appellate Procedure.

WHEREFORE, Plaintiff Cateria Dixon, as Parent and Next Friend of DD, demands judgment against the Defendants for a fair and reasonable amount of compensatory damages sufficient to fairly compensate DD, which damages exceed the jurisdictional requirements of Rule 6.103, Iowa Rules of Appellate Procedure, for interest as provided by law and the costs of this action.

### COUNT II
### (Claims of Cateria Dixon, Individually)

COMES NOW Plaintiff Cateria Dixon, Individually, and for cause of action against Defendants Bassel Eid, M.D.; Cedar Rapids Medical Education Foundation; Cedar Rapids Medical Education Foundation d/b/a Cedar Rapids Family Medical Residency; Eastern Iowa Health Center; St. Luke's Methodist Hospital; and St. Luke's Methodist Hospital d/b/a UnityPoint Health Cedar Rapids and/or St. Luke's Methodist Hospital, states as follows:

1.     Plaintiff Cateria Dixon hereby repleads paragraphs 1, 2, and 4 through 18 of Count I as if fully set forth herein verbatim.

2.     As a proximate result of Defendants' wrongful conduct as aforesaid, which wrongful conduct was a proximate cause of the aforementioned injuries and damages to DD, Plaintiff Cateria Dixon has in the past and will in the future incur medical and other expenses in the care of her son.

5

3.    Additionally, as a proximate result of Defendants' wrongful conduct as aforesaid, which wrongful conduct is a proximate cause of the aforementioned injuries and damages to DD, Plaintiff Cateria Dixon has in the past and will in the future be deprived of the love, services, society, companionship, support, and consortium of her son, DD.

4.    The damages referred to above are in excess of the jurisdictional requirements of Rule 6.103, Iowa Rules of Appellate Procedure.

WHEREFORE, Plaintiff Cateria Dixon, individually, demands judgment against the Defendants for a fair and reasonable amount of compensatory damages sufficient to fairly compensate her, in an amount which exceeds the jurisdictional requirements of Rule 6.103, Iowa Rules of Appellate Procedure, for interest as provided by law and the costs of this action.

<u>**COUNT III**</u>
**(Claims of Derrick Dixon, Individually)**

COMES NOW Plaintiff Derrick Dixon, Individually, and for cause of action against Defendants Bassel Eid, M.D.; Cedar Rapids Medical Education Foundation; Cedar Rapids Medical Education Foundation d/b/a Cedar Rapids Family Medical Residency; Eastern Iowa Health Center; St. Luke's Methodist Hospital; and St. Luke's Methodist Hospital d/b/a UnityPoint Health Cedar Rapids and/or St. Luke's Methodist Hospital, states as follows:

1.    Plaintiff Derrick Dixon hereby repleads paragraphs 1, 2, and 4 through 18 of Count I as if fully set forth herein verbatim.

2.    As a proximate result of Defendants' wrongful conduct as aforesaid, which wrongful conduct was a proximate cause of the aforementioned injuries

6

and damages to DD, Plaintiff Derrick Dixon has in the past and will in the future incur medical and other expenses in the care of his son.

3.    Additionally, as a proximate result of Defendants' wrongful conduct as aforesaid, which wrongful conduct is a proximate cause of the aforementioned injuries and damages to DD, Plaintiff Derrick Dixon has in the past and will in the future be deprived of the love, services, society, companionship, support, and consortium of his son, DD.

4.    The damages referred to above are in excess of the jurisdictional requirements of Rule 6.103, Iowa Rules of Appellate Procedure.

WHEREFORE, Plaintiff Derrick Dixon, individually, demands judgment against the Defendants for a fair and reasonable amount of compensatory damages sufficient to fairly compensate him, in an amount which exceeds the jurisdictional requirements of Rule 6.103, Iowa Rules of Appellate Procedure, for interest as provided by law and the costs of this action.

### JURY DEMAND

COME NOW the Plaintiffs and hereby demand a trial by jury in the above captioned matter.

TOM RILEY LAW FIRM, P.L.C.

By: _____
HUGH G. ALBRECHT        AT0000426
4040 First Avenue NE
P.O. Box 998
Cedar Rapids, IA 52406-0998
Ph.: (319) 363-4040
Fax: (319) 363-9789
E-mail: hugha@trlf.com

ATTORNEY FOR PLAINTIFFS

7

**ASAP PROCESS SERVICE**
**230 1ST AVE. E.**
**LISBON, IA 52253**
**(319) 455-2490**

CASE # *LACV087405*
**DOCUMENTS SERVED**
*ORIGINAL NOTICE*
*PETITION AT LAW*

**AFFIDAVIT OF RETURN OF SERVICE** *AND JURY DEMAND*

THE STATE OF IOWA

*LINN* County                    SS                    **RETURN OF SERVICE OF ORIGINAL NOTICE**

The within notice received this *24TH* day of *MAR*, **2017**, and I certify that I served the same on the defendants named below by delivering a copy thereof to each of said defendants personally at the time and place set opposite their respective names:

| NAME OF DEFENDANT | TIME | MO. | DAY | YR. | CITY, TOWN | COUNTY | ST. |
|---|---|---|---|---|---|---|---|
| *BASSEL EID MD* | *1150am* | *MAR* | *28TH* | *2017* | *425) EDGEWOOD RD NE CEDAR RAPIDS* | *LINN* | *IA* |

FEES:

| | | |
|---|---|---|
| Service | $ *25* | BY: |
| Copies | $ | Professional Independent Process Server |
| Mileage | $ *20 00* | |
| Total | $ *45 00* | |

THE STATE OF IOWA

_____ County                    SS                    **RETURN OF SERVICE OF ORIGINAL NOTICE**

The within notice received this _____ day of _____, **2017**, and I certify that on the _____ day of _____, **2017**, I served the same on the defendant _____
A. At his dwelling house or usual place of abode in city, town or township of _____ in _____, _____, County, State of Iowa, by there delivering a copy thereof to _____, a person residing therein who was then at least 18 years old.
B. That such place was a rooming house, hotel, club or apartment building (1), and the person to whom the copy was delivered was _____ (2).
C. That the above named defendant is _____
_____ (designate if a partnership corporation or individual suitable under a common name)
by delivering a copy thereof to _____, _____ (3) of said defendant in the city, town or township of _____ County, State of Iowa.

BY:_____

Professional Independent Process Server

D. **ACCEPTED SERVICE:** Due and legal service of the within notice and receipt of a copy of the same is hereby acknowledged on this _____ day of _____, _____ at _____, Iowa.

BY: _____

(1) Strike out words that are not appropriate.
(2) Insert "a member of defendant's family" or "the manager, Clerk, proprietor or custodian of such place" that may state the facts.
(3) Designate whether office, agent, general partner, etc., as may be appropriate under Rule 56.

**REMARKS (SERVICE TIME)** *11:50 Am*
**ASAP Case Number** *170247*
**SUBSCRIBED AND SWORN TO BEFORE ME THE SAID** *24TH* **DAY OF** *MAR* **2017**.

_____
NOTARY SEAL

**IRIS M. COOK**
**Commission Number 196096**
**My Commission Expires**
*04-29-19*

MY COMMISSION EXPIRES *04-29-19*

**ASAP PROCESS SERVICE**
**230 1ST AVE. E.**
**LISBON, IA 52253**
**(319) 455-2490**

CASE # *LACV087405*

**DOCUMENTS SERVED**
*original Notice*
*Petition at Law*

**AFFIDAVIT OF RETURN OF SERVICE** *AND Jury DEMAND*

THE STATE OF IOWA

_____County   **SS**   **RETURN OF SERVICE OF ORIGINAL NOTICE**

The within notice received this _____ day of _____, **2017**, and I certify that I served the same on the defendants named below by delivering a copy thereof to each of said defendants personally at the time and place set opposite their respective names:

| NAME OF DEFENDANT | TIME | MO. | DAY | YR. | CITY, TOWN | COUNTY | ST. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

FEES:
Service    $ *25⁰⁰*
Copies    $ _____       BY: _____
Mileage    $ *20⁰⁰*                Professional Independent Process Server
Total    $ *45⁰⁰*

THE STATE OF IOWA

*LINN*_____County   **SS**   **RETURN OF SERVICE OF ORIGINAL NOTICE**

The within notice received this *24th* day of *MAR*, **2017**, and I certify that on the *28th* day of *MAR*, **2017**, I served the same on the defendant *CEDAR RAPIDS MEDICAL (EDUCATION FOUNDATION*
A. At his dwelling house or usual place of abode in city, town or township of _____ in _____ County, State of Iowa, by there delivering a copy thereof to _____ a person residing therein who was then at least 18 years old.
B. That such place was a rooming house, hotel, club or apartment building (1), and the person to whom the copy was delivered was _____ (2).
C. That the above named defendant is *CEDAR RAPIDS MEDICAL EDUCATION FOUNDATION*
_____ (designate if a partnership corporation or individual suitable under a common name) by delivering a copy thereof to *JENNIFER HOLMES REG AGENT* (3) of said defendant in the city, town or township of *1260 2ND AVE SE CEDAR RAPIDS, LINN* County, State of Iowa.
BY: *R.C. Clerk*
Professional Independent Process Server

D. **ACCEPTED SERVICE:** Due and legal service of the within notice and receipt of a copy of the same is hereby acknowledged on this _____ day of _____, _____ at _____, Iowa.
BY: _____

(1) Strike out words that are not appropriate.
(2) Insert "a member of defendant's family" or "the manager,
    Clerk, proprietor or custodian of such place" that may state the facts.
(3) Designate whether office, agent, general partner, etc., as may be
    appropriate under Rule 56.

IRIS M. COOK
Commission Number 196096
My Commission Expires
*04-29-19*

REMARKS (SERVICE TIME) *11:23 AM*
ASAP Case Number *10251*
SUBSCRIBED AND SWORN TO BEFORE ME THE SAID *Iris M. Cook* THIS *28th* DAY OF *MAR*, **2017**.

NOTARY SEAL

MY COMMISSION EXPIRES *04-29-19*

## ASAP PROCESS SERVICE
### 230 1ˢᵀ AVE. E.
### LISBON, IA 52253
### (319) 455-2490

CASE # *LACV087405*

**DOCUMENTS SERVED**

*Original Notice*
*Petition at Law*

### AFFIDAVIT OF RETURN OF SERVICE *Add Jury Demand*

THE STATE OF IOWA

_____ County  SS

**RETURN OF SERVICE OF ORIGINAL NOTICE**

The within notice received this _____ day of _____, **2017**, and I certify that I served the same on the defendants named below by delivering a copy thereof to each of said defendants personally at the time and place set opposite their respective names:

| NAME OF DEFENDANT | TIME | MO. | DAY | YR. | CITY, TOWN | COUNTY | ST. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

FEES:

Service    $ 25⁰⁰

Copies     $ 10 ᵒᵘᵗ

Mileage    $ 2 0 ᵒᵘᵗ

Total      $ 25

BY: _____

Professional Independent Process Server

THE STATE OF IOWA

_L I N N_ County  SS

**RETURN OF SERVICE OF ORIGINAL NOTICE**

The within notice received this 24th day of _MAR_ **2017**, and I certify that on the 28th day of _MAR_, **2017**, I served the same on the defendant *Cedar Rapids Medical Practice Corporation DBA Medical Residency*

A. At his dwelling house or usual place of abode in city, town or township of _____ in _____, County, State of Iowa, by there delivering a copy thereof to _____, a person residing therein who was then at least 18 years old.

B. That such place was a rooming house, hotel, club or apartment building (1), and the person to whom the copy was delivered was _____ (2).

C. That the above named defendant is *Cedar Rapids Medical Practice Corporation Family Medicine Residency dba CRMA Rapids*
(designate if a partnership corporation or individual suitable under a common name)

by delivering a copy thereof to *Jennifer Holmes RPO Agent* (3) of said defendant in the city, town or township of _1260 2nd Avenue Cedar Rapids, Linn_ County, State of Iowa.

BY: _____

Professional Independent Process Server

D. **ACCEPTED SERVICE:** Due and legal service of the within notice and receipt of a copy of the same is hereby acknowledged on this _____ day of _____, _____ at _____, Iowa.

BY: _____

(1) Strike out words that are not appropriate.
(2) Insert "a member of defendant's family" or "the manager, Clerk, proprietor or custodian of such place" that may state the facts.
(3) Designate whether office, agent, general partner, etc., as may be appropriate under Rule 56.

**IRIS M. COOK**
Commission Number 196096
My Commission Expires
_04-29-19_

NOTARY SEAL

**REMARKS (SERVICE TIME)** 11:23 AM

**ASAP Case Number** 170250

SUBSCRIBED AND SWORN TO BEFORE ME THE SAID _____ THIS 28th DAY OF _MAR_, **2017**.

MY COMMISSION EXPIRES 04-29-19

**ASAP PROCESS SERVICE**
**230 1ST AVE. E.**
**LISBON, IA 52253**
**(319) 455-2490**

CASE # _LACV087405_
**DOCUMENTS SERVED**
_Original Notice_
_Petition At Law and_
_Jury Demand_

**AFFIDAVIT OF RETURN OF SERVICE**

### THE STATE OF IOWA

                   **SS**       **RETURN OF SERVICE OF ORIGINAL NOTICE**

_____County

The within notice received this _____ day of _____, **2017**, and I certify that I served the same on the defendants named below by delivering a copy thereof to each of said defendants personally at the time and place set opposite their respective names:

| NAME OF DEFENDANT | TIME | MO. | DAY | YR. | CITY, TOWN | COUNTY | ST. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**FEES:**
Service    $ 25⁰⁰
Copies      $
Mileage    $ 20⁰⁰
Total       $ 45⁰⁰

BY: _____
        Professional Independent Process Server

### THE STATE OF IOWA

                   **SS**       **RETURN OF SERVICE OF ORIGINAL NOTICE**

_Linn_____County

The within notice received this _24th_ day of _March_, **2017**, and I certify that on the _27th_ day of _March_, **2017**, I served the same on the defendant _Eastern Iowa Health Center_

C. That the above named defendant is _Eastern Iowa Health Center_ _____,
           (designate if a partnership corporation or individual suitable under a common name)
by delivering a copy thereof to _Joe Lock Registered Agent_ (3) of said defendant in the city,
town or township of _1030 - 5th Ave SE, Suite 2400, Cedar Rapids, Linn_ County, State of Iowa.
                                  BY: _____
                                    Professional Independent Process Server

**D. ACCEPTED SERVICE:** Due and legal service of the within notice and receipt of a copy of the same is hereby acknowledged on this _____ day of _____, _____ at _____, Iowa.
                            BY: _____

(1) Strike out words that are not appropriate.
(2) Insert "a member of defendant's family" or "the manager, Clerk, proprietor or custodian of such place" that may state the facts.
(3) Designate whether office, agent, general partner, etc., as may be appropriate under Rule 56.

IRIS M. COOK
Commission Number 196096
My Commission Expires
04-24-19

**REMARKS (SERVICE TIME)** _4:10 pm_
**ASAP Case Number** _17-0252_
**SUBSCRIBED AND SWORN TO BEFORE ME THE SAID** _____ THIS
_28th_ **DAY OF** _March_, **2017** .      **MY COMMISSION EXPIRES** _04-24-19_

NOTARY SEAL

**ASAP PROCESS SERVICE**
**230 1ST AVE. E.**
**LISBON, IA 52253**
**(319) 455-2490**

CASE #_LACV087405_

**DOCUMENTS SERVED**
_Original Notice_
_Petition At Law and_
_Jury Demand_

**AFFIDAVIT OF RETURN OF SERVICE**

THE STATE OF IOWA

SS

**RETURN OF SERVICE OF ORIGINAL NOTICE**

_____County

The within notice received this _____ day of _____, **2017**, and I certify that I served the same on the defendants named below by delivering a copy thereof to each of said defendants personally at the time and place set opposite their respective names:

| NAME OF DEFENDANT | TIME | MO. | DAY | YR. | CITY, TOWN | COUNTY | ST. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**FEES:**
Service        $ 25⁰⁰
Copies         $
Mileage        $ 10⁰⁰
Total          $ 35⁰⁰

BY: _____
Professional Independent Process Server

THE STATE OF IOWA

SS

**RETURN OF SERVICE OF ORIGINAL NOTICE**

_Linn_____County

The within notice received this _24th_ day of _March_, **2017**, and I certify that on the _27th_ day of _March_, **2017**, I served the same on the defendant _St. Luke's Hospital_

~~this affidavit's place of abode~~

C. That the above named defendant is _St. Luke's Hospital_,
                (designate if a partnership corporation or individual suitable under a common name)
by delivering a copy thereof to _Michelle Niermann, Reg. Agent_ (3) of said defendant in the city,
town or township of _1026 A Avenue, N.E., Cedar Rapids, Linn_ County, State of Iowa.
                                        BY: _____
                                        Professional Independent Process Server

**D. ACCEPTED SERVICE:** Due and legal service of the within notice and receipt of a copy of the same is hereby acknowledged on this _____ day of _____, _____ at _____, Iowa.
                                        BY: _____

(1) Strike out words that are not appropriate.
(2) Insert "a member of defendant's family" or "the manager, Clerk, proprietor or custodian of such place" that may state the facts.
(3) Designate whether office, agent, general partner, etc., as may be appropriate under Rule 56.

**REMARKS (SERVICE TIME)** _4:20 pm_
**ASAP Case Number** _17-0244_
**SUBSCRIBED AND SWORN TO BEFORE ME THE SAID**
_28th_ **DAY OF** _March_, **2017** .

_____ NOTARY SEAL_____

**IRIS M. COOK**
**Commission Number 196096**
**My Commission Expires**
_04-29-19_

**MY COMMISSION EXPIRES** _04-29-19_ **THIS**

**ASAP PROCESS SERVICE**
**230 1ST AVE. E.**
**LISBON, IA 52253**
**(319) 455-2490**

CASE # *LACV087405*
**DOCUMENTS SERVED**
*Original Notice*
*Petition At Law and*
**AFFIDAVIT OF RETURN OF SERVICE** *Jury Demand*

THE STATE OF IOWA    **SS**    **RETURN OF SERVICE OF ORIGINAL NOTICE**

_____County

The within notice received this _____ day of _____, **2017**, and I certify that I served the same on the defendants named below by delivering a copy thereof to each of said defendants personally at the time and place set opposite their respective names:

| NAME OF DEFENDANT | TIME | MO. | DAY | YR. | CITY, TOWN | COUNTY | ST. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

FEES:
Service   $ *25⁰⁰*
Copies    $ _____
Mileage   $ _____
Total      $ *25⁰⁰*

BY: _____
Professional Independent Process Server

**THE STATE OF IOWA**    **SS**    **RETURN OF SERVICE OF ORIGINAL NOTICE**

*Linn* _____County

The within notice received this *24th* day of *March*, **2017**, and I certify that on the *27th* day of *March*, **2017**, I served the same on the defendant *St Lukes Hospital by Unity Point Health Center Cedar Rapids and/or St Lukes Methodist Hospital*

C. That the above named defendant is *St Lukes Hospital by Unity Point Health Center Cedar Rapids for St Lukes Methodist Hospital*
(designate if a partnership corporation or individual suitable under a common name)
by delivering a copy thereof to *Michelle Niemann   Registered Agent* (3) of said defendant in the city, town or township of *1026 A Avenue NE, Cedar Rapids, Linn* County, State of Iowa.
BY: _____
Professional Independent Process Server

**D. ACCEPTED SERVICE:** Due and legal service of the within notice and receipt of a copy of the same is hereby acknowledged on this _____ day of _____, _____ at _____, Iowa.
BY: _____

(1) Strike out words that are not appropriate.
(2) Insert "a member of defendant's family" or "the manager, Clerk, proprietor or custodian of such place" that may state the facts.
(3) Designate whether office, agent, general partner, etc., as may be appropriate under Rule 56.

**IRIS M. COOK**
Commission Number 196096
My Commission Expires
*04-29-19*

REMARKS (SERVICE TIME) *4:20 pm*
ASAP Case Number *17-0248*
SUBSCRIBED AND SWORN TO BEFORE ME THE SAID
*28th* DAY OF *March*, **2017** .

NOTARY SEAL

MY COMMISSION EXPIRES *04-29-19*

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

DERRICK DIXON, Individually; and )
CATERIA DIXON, Individually and as ) NO. LACV 087405
Parent and Next Friend of DD; )
)
Plaintiff, )
)
) DEFENDANT ST. LUKE'S
vs. ) HOSPITAL'S ANSWER TO PETITION
) AND JURY DEMAND
BASSEL EID, M.D.; CEDAR RAPIDS )
MEDICAL EDUCATION FOUNDATION; )
CEDAR RAPIDS MEDICAL EDUCATION )
FOUNDATION d/b/a CEDAR RAPIDS )
FAMILY MEDICAL RESIDENCY; )
EASTERN IOWA HEALTH CENTER; ST. )
LUKE'S METHODIST HOSPITAL; and )
ST. LUKE'S METHODIST HOSPITAL )
d/b/a UNITYPOINT HEALTH CEDAR )
RAPIDS and/or ST. LUKE'S METHODIST )
HOSPITAL, )
)
Defendants. )

Defendant St. Luke's Methodist Hospital (hereinafter "St. Luke's") for Answer to

Plaintiffs' Petition, states:

## COUNT I

### (Claims of DD)

1.      Defendant has insufficient information to either admit or deny the allegations of

paragraph 1 and they are therefore denied.

2.      Defendant has insufficient information to either admit or deny the allegations of

paragraph 2 and they are therefore denied.

3.      Defendant has insufficient information to either admit or deny the allegations of

paragraph 3 and they are therefore denied.

4.      This Defendant makes no answer to paragraph 4 as it is not directed to it.

5.      This Defendant makes no answer to paragraph 5 as it is not directed to it.

6.      This Defendant makes no answer to paragraph 6 as it is not directed to it.

7.      This Defendant makes no answer to paragraph 7 as it is not directed to it.

8.      The allegations of paragraph 8 are admitted.

9.      It is admitted that St. Luke's Methodist Hospital is its legal name and that in addition, it does business as UnityPoint Heath Cedar Rapids, and is affiliated with UnityPoint Health.  All other allegations of Paragraph 9 not otherwise admitted are denied.

10.     This Defendant makes no answer to paragraph 10 as it is not directed to it.

11.     The allegations of paragraph 11 are denied.

12.     It is admitted that Plaintiff Cateria Dixon received medical care and treatment at St. Luke's Hospital on April 10, 2015.  All other allegations of paragraph 12 not specifically admitted are denied.

13.     It is admitted that this Defendant provided nursing and ancillary care and treatment to Plaintiff Cateria Dixon from April 10, 2015 until her discharge on April 12, 2015. All other allegations of paragraph 13 not specifically admitted are denied.

14.     It is admitted that this Defendant provided nursing and ancillary care and treatment to Plaintiff Cateria Dixon on April 10, 2015. All other allegations of paragraph 14 not specifically admitted are denied.

15.     The allegations of paragraph 15 are denied.

16.     The allegations of paragraph 16 and its subparts are denied.

17.     The allegations of paragraph 17 and its subparts are denied.

18.     The allegations of paragraph 18 and its subparts are denied.

19.     The allegations of paragraph 19 and its subparts are denied.

20.     Defendant has insufficient information to admit or deny the allegations of paragraph 20 and they are therefore denied.

WHEREFORE, this Defendant prays that Count I of Plaintiffs' Petition be dismissed and for such other relief as the Court deems just.

## COUNT II

### (Claims of Cateria Dixon, Individually)

For Answer to Count II, this Defendant states:

1.     Defendant restates and incorporates its answers to paragraphs 1, 2 and 4 through 18 of Count I as if set forth fully herein.

2.      The allegations of paragraph 2 are denied.

3.     The allegations of paragraph 3 are denied.

4.     It is admitted that the damages claimed exceed the jurisdictional requirements.

WHEREFORE, this Defendant prays that Count II of Plaintiffs' Petition be dismissed and for such other relief as the Court deems just.

## COUNT III

### (Claims of Derrick Dixon, Individually)

For Answer to Count III, this Defendant states:

1.     Defendant restates and incorporates its answers to paragraphs 1, 2, and 4 through 18 of Count I as if set forth fully herein.

3

2.     The allegations of paragraph 2 are denied.

3.     The allegations of paragraph 3 are denied.

4.     It is admitted that the damages claimed exceed the jurisdictional requirements.

WHEREFORE, this Defendant prays that Count II of Plaintiffs' Petition be dismissed and for such other relief as the Court deems just.


## DEFENSES

In addition to the denials set forth above, Defendant St. Luke's states:

1.     Plaintiffs' Petition fails to state a claim upon which relief may be granted, insofar as any and all nursing and hospital care provided to Plaintiffs were in accordance with the accepted standard of care.

2.     Plaintiffs' recovery, if any, is limited pursuant to Iowa Code §147.136.

3.     Iowa Code Chapter 668 applies to this case and the fault (including negligence, failure to mitigate, etc.) of any other party, if any, should bar or comparatively reduce the claims against this Defendant.

4.     The cause, sole cause or superseding cause of Plaintiffs' alleged injuries and damages, if any, was a preexisting medical condition and/or a subsequently occurring medical condition for which this Defendant is not responsible.

5.     Any damages or injuries sustained by Plaintiffs may have been caused or contributed to by the acts or omissions of persons, entities or forces and/or facts and/or circumstances over which this answering Defendant exercises no authority or control.

WHEREFORE, Defendant requests that Plaintiffs' Petition be dismissed at Plaintiffs' cost.

## JURY DEMAND

Defendant hereby requests a trial by jury through the undersigned.

 /s/ Tricia Hoffman-Simanek
CONNIE ALT        AT0000497
TRICIA HOFFMAN-SIMANEK    AT0003634
                for
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:        (319) 365-9461
FAX:          (319) 365-8443
cma@shuttleworthlaw.com
phs@shuttleworthlaw.com

ATTORNEYS FOR DEFENDANT ST. LUKE'S HOSPITAL

Copy to:

Hugh Albrecht
Tom Riley Law Firm
hugha@trlf.com

CERTIFICATE OF SERVICE
The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with the applicable IRCP on April 17, 2017, by:

[x] Electronically via EDMS for registrants
[ ] U.S. Mail _____
[ ] Fax _____
[ ] Overnight Courier _____
[ ] Hand Delivery _____
[ ] E-mail _____

By:  _Patti K. O'Keefe_____

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| DERRICK DIXON, Individually and CATERIA DIXON, Individually and as Parent and Next Friend of DD, <br><br> Plaintiffs, <br><br> vs. <br><br> BASSEL EID, M.D., CEDAR RAPIDS MEDICAL EDUCATION FOUNDATION; CEDAR RAPIDS MEDICAL EDUCATION FOUNDATION d/b/a CEDAR RAPIDS FAMILY MEDICAL RESIDENCY; EASTERN IOWA HEALTH CENTER; ST. LUKE'S METHODIST HOSPITAL and ST. LUKE'S METHODIST HOSPITAL d/b/a UNITYPOINT HEALTH CEDAR RAPIDS and/or ST. LUKE'S METHODIST HOSPITAL, <br><br> Defendants. | LAW NO. LACV087405 <br><br> ANSWER AND JURY DEMAND OF CEDAR RAPIDS MEDICAL EDUCATION FOUNDATION, CEDAR RAPIDS MEDICAL EDUCATION FOUNDATION d/b/a CEDAR RAPIDS FAMILY MEDICAL RESIDENCY |

**COMES NOW** the Defendant, Cedar Rapids Medical Education Foundation; Cedar Rapids Medical Education Foundation d/b/a Cedar Rapids Family Medical Residency, and for its Answer and Jury Demand states as follows:

## COUNT I – Claims of DD

1.    Defendant denies the allegations of Paragraph 1 for lack of information.

2.    Defendant denies the allegations of Paragraph 2 for lack of information.

3.    Defendant denies the allegations of Paragraph 3 for lack of information.

4.      Defendant admits that Dr. Eid is a licensed medical doctor but otherwise denies the allegations of Paragraph 4 for lack of information.

5.      Defendant admits Cedar Rapids Medical Education Foundation is a foundation organized and existing under the laws of the State of Iowa and at all times material hereto operated in Cedar Rapids, Linn County, Iowa but otherwise denies the allegations of Paragraph 5.

6.      Defendant admits that Cedar Rapids Medical Education Foundation operated a residency program in Cedar Rapids, Iowa but otherwise denies the allegations of Paragraph 6 for lack of information.

7.      Defendant denies the allegations of Paragraph 7 for lack of information.

8.      Defendant denies the allegations of Paragraph 8 for lack of information.

9.      Defendant denies the allegations of Paragraph 9 for lack of information.

10.      Defendant denies Dr. Eid is an employee or agent of Cedar Rapids Medical Education Foundation; Cedar Rapids Medical Education Foundation d/b/a Cedar Rapids Family Medical Residency and that he was acting within the scope of his employment or agency with this Defendant but otherwise denies the allegations of Paragraph 10 for lack of information.

11.      Defendant denies the allegations of Paragraph 11 for lack of information.

12.      Defendant denies the allegations of Paragraph 12 for lack of information.

13.      Defendant denies the allegations of Paragraph 13 for lack of information.

14.      Defendant denies the allegations of Paragraph 14 for lack of information.

2

15.     In answer to Paragraph 15, to the extent it contains allegations directed at this answering Defendant, it is denied.  To the extent the allegations are directed at other Defendants, no answer is required.

16.     In answer to Paragraph 16 including all subparagraphs, to the extent it contains allegations directed at this answering Defendant, it is denied.  To the extent the allegations are directed at other Defendants, no answer is required.

17.     In answer to Paragraph 17 including all subparagraphs, to the extent it contains allegations directed at this answering Defendant, it is denied.  To the extent the allegations are directed at other Defendants, no answer is required.

18.     In answer to Paragraph 18 including all subparagraphs, to the extent it contains allegations directed at this answering Defendant, it is denied.  To the extent the allegations are directed at other Defendants, no answer is required.

19.     In answer to Paragraph 19 including all subparagraphs, to the extent it contains allegations directed at this answering Defendant, it is denied.  To the extent the allegations are directed at other Defendants, no answer is required.

20.     In answer to Paragraph 20 including all subparagraphs, to the extent it contains allegations directed at this answering Defendant, it is denied.  To the extent the allegations are directed at other Defendants, no answer is required.

**WHEREFORE,** Defendant prays that Plaintiffs' Petition be dismissed, the costs assessed to Plaintiffs, and for any further relief the Court deems just and equitable.

3

## COUNT II – Claims of Cateria Dixon, individually

21.     In answer to Paragraph 1 of Count II, this answering Defendant repleads its answers to Paragraph 1, 2 and 4 through 18 of Count I as if fully set forth herein.

22.     In answer to Paragraph 2 of Count II, to the extent it contains allegations directed at this answering Defendant, it is denied. To the extent it contains allegations directed at other Defendants, no answer is required.

23.     In answer to Paragraph 3 of Count II, to the extent it contains allegations directed at this answering Defendant, it is denied. To the extent it contains allegations directed at other Defendants, no answer is required.

24.     Defendant denies the allegations of Paragraph 4 of Count II.

**WHEREFORE,** Defendant prays that Plaintiffs' Petition be dismissed, the costs assessed to Plaintiffs, and for any further relief the Court deems just and equitable.

## COUNT III – Claims of Derrick Dixon, individually

25.     In answer to Paragraph 1 of Count III, this answering Defendant repleads its answers to Paragraph 1, 2 and 4 through 18 of Count I as if fully set forth herein.

26.     In answer to Paragraph 2 of Count III, to the extent it contains allegations directed at this answering Defendant, it is denied. To the extent it contains allegations directed at other Defendants, no answer is required.

27.     In answer to Paragraph 3 of Count III, to the extent it contains allegations directed at this answering Defendant, it is denied. To the extent it contains allegations directed at other Defendants, no answer is required.

28.     Defendant denies the allegations of Paragraph 4 of Count III.

4

**WHEREFORE,** Defendant prays that Plaintiffs' Petition be dismissed, the costs assessed to Plaintiffs, and for any further relief the Court deems just and equitable.

<u>**COUNT IV – Affirmative Defenses**</u>

29.    Plaintiffs' Petition fails to state a claim upon which relief can be granted against this Defendant.

30.    This lawsuit is governed by Iowa Code Chapter 668.

31.    This matter is governed by Iowa Code §147.136.

32.    If Plaintiffs were damaged as alleged in Plaintiffs' Petition, which Defendant specifically denies, Plaintiffs may have failed to mitigate damages and, therefore, any recovery by Plaintiffs should not include any loss which could have been prevented by reasonable care and diligence exercised after the alleged loss referred to in Plaintiffs' Petition.

33.    If Plaintiffs were damaged as alleged in Plaintiffs' Petition, which Defendant specifically denies, Defendant alleges that a proximate or the sole proximate or superseding cause of Plaintiffs' injuries and damages, may have been a pre-existing medical condition and/or subsequently occurring medical condition for which Defendant is not responsible or had no control over.

34.    This Defendant affirmatively states that Plaintiffs' claimed injury and damages were proximately caused in whole or part, by the conduct of other parties, persons, or entities over which this Defendant had no control.

35.    Defendant reserves the right to raise additional defenses as may become available or appear through investigation or during the course of discovery.

5

**WHEREFORE,** Defendant prays that Plaintiffs' Petition be dismissed, the costs assessed to Plaintiffs, and for any further relief the Court deems just and equitable.

## JURY DEMAND.

Defendant, Cedar Rapids Medical Education Foundation; Cedar Rapids Medical Education Foundation d/b/a Cedar Rapids Family Medical Residency, hereby demands a jury on all issues so triable.

Frederick T. Harris                    (AT0003198)
FINLEY LAW FIRM, PC
699 Walnut Street
1700 Hub Tower
Des Moines, IA  50309
Telephone:  (515) 288-0145
Facsimile:  (515) 288-2724
Email:  rharris@finleylaw.com
ATTORNEYS FOR CRMEF

Original Efiled.

Copy to:

Hugh G. Albrecht
Tom Finley Law Firm, P.L.C.
4040 First Avenue NE
P. O. Box 998
Cedar Rapids, IA  52406-0998
hugha@trlf.com
ATTORNEY FOR PLAINTIFFS

Connie Alt
SHUTTLEWORTH & INGERSOLL, PLC
500 US Bank Building
P. O Box 2107
Cedar Rapids, IA 52406
cma@shuttleworthlaw.com
ATTORNEYS FOR ST. LUKE'S HOSPITAL

6

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on this pleading on ___April 17___, 2017 by:

| | |
|---|---|
| _____ U.S. Mail. | _____ Facsimile |
| _____ Hand-Delivered | _____ Overnight Courier |
| _____ Certified Mail | __X__ E-File |

Signature _Barbara J. Barnard_

## IOWA DISTRICT COURT IN AND FOR LINN  COUNTY

| | |
|---|---|
| PARENT AND NEXT FRIEND OF DD<br>DERRICK DIXON<br>CATERIA SYMEON DIXON<br><br>       Plaintiff(s)<br><br>VS.<br><br>ST LUKES METHODIST HOSPITAL<br>CEDAR RAPIDS MEDICAL EDUCATION<br>FOUNDATION<br>EASTERN IOWA HEALTH CENTER<br>CEDAR RAPIDS FAMILY MEDICAL RESIDENCY<br>BASSEL EID MD<br>UNITYPOINT HEALTH CEDAR RAPIDS<br><br>      Defendant(s) | CASE NO: 06571  LACV087405<br><br>**NOTICE OF CIVIL TRIAL-<br>SETTING CONFERENCE** |

To the parties or their attorneys of record:

In accordance with Iowa Rule of Civil Procedure 1.906, notice is hereby given that a **Trial Scheduling Conference is scheduled on 05/23/2017 at 10:45 AM at the initiation of a conference call.**
This date shall be no earlier than 35 days after and not later than 50 days after any Defendant/ Respondent has answered or appeared unless set sooner by special order on application of one or more parties.

This conference shall be held:
**By TELEPHONE with the conference call to be initiated by court administration.**

Attorneys for all parties appearing in the case shall participate at this conference.  A party will participate in person if the party does not have an attorney.

At this trial-setting conference, every case will be set for trial within the time periods provided by Iowa Court Rules Chapter 23, Time Standards for Case Processing.

Prior to the trial-setting conference, the parties must file a Trial Scheduling and Discovery Plan, Iowa Court Rule 23.5-Form 2 (Form 3 for Expedited Civil Actions).

In judicial districts that allow it, the parties may, in lieu of holding a trial-setting conference, first file their Trial Scheduling and Discovery Plan and then, prior to the date scheduled for the trial-setting conference, obtain a trial date from court administration that complies with the provisions of Chapter 23.  The date will be entered by the Court on the Trial Scheduling and Discovery Plan.

The trial date that is agreed upon at this conference shall be a firm date.  Continuances will not be granted, even if all parties agree, unless for a crucial cause that could not have been foreseen.

The Clerk of Court shall notify all counsel of record and parties not represented by counsel.

Dated 04/19/17

If you need assistance to participate in court due to a disability, call the disability coordinator at (319) 398-3920. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**



State of Iowa Courts

**Case Number**       **Case Title**
LACV087405            DERRICK DIXON ETAL VS BASSEL EID MD ETAL
**Type:**             ORDER FOR TRIAL SCHEDULING CONFERENCE

So Ordered

Julie L. Green, Court Administration Designee,
Sixth Judicial District of Iowa

Electronically signed on 2017-04-19 14:09:07

## IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| PARENT AND NEXT FRIEND OF DD<br>DERRICK DIXON<br>CATERIA SYMEON DIXON<br><br><br>        Plaintiff(s),<br><br>vs.<br><br><br>ST LUKES METHODIST HOSPITAL<br>CEDAR RAPIDS MEDICAL EDUCATION<br>FOUNDATION<br>EASTERN IOWA HEALTH CENTER<br>CEDAR RAPIDS FAMILY MEDICAL RESIDENCY<br>BASSEL EID MD<br>UNITYPOINT HEALTH CEDAR RAPIDS<br><br><br>        Defendant(s). | CASE NO. 06571  LACV087405<br><br>NOTICE OF RESETTING CIVIL<br>TRIAL-SETTING CONFERENCE<br><br><br><br>Dated:  05/10/2017 |

To the parties or their attorneys of record:


**Trial Scheduling Conference is scheduled on 06/20/2017 at 09:30 AM at the initiation of a conference call.**

**This conference shall be held:**
by telephone with the conference call to be initiated by Plaintiff(s)' counsel by calling court administration at 319-398-3920, Ext. 1320(Connie)

Attorneys for all parties appearing in the case shall participate at this conference.

At this trial-setting conference, every case shall be set for trial within the time periods provided by Chapter 23, Time Standards for Case Processing.

At the trial-setting conference, each party shall be prepared to discuss all matters contained in the Trial Scheduling Order, Iowa Court Rule 23.5-Form 2.

The trial date that is agreed upon at this conference shall be a firm date. Continuances shall not be granted even if all parties agree unless for a crucial cause that could not have been foreseen. The Clerk of Court shall notify all counsel of record and parties not represented by counsel.

*This date shall be no later than 150 days after commencement of the action unless set sooner by special order on application of one or more parties.

If you need assistance to participate in court due to a disability, call the disability coordinator at (319) 398-3920. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**



State of Iowa Courts

**Case Number**        **Case Title**
LACV087405             DERRICK DIXON ETAL VS BASSEL EID MD ETAL
**Type:**              Other Order

So Ordered

Connie R. Trosky, Court Administration Designee,
Sixth Judicial District of Iowa

Electronically signed on 2017-05-10 14:40:26

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | | |
|---|---|---|
| DERRICK DIXON, Individually; and CATERIA DIXON, Individually and as Parent and Next Friend of DD, | ) ) ) ) | CASE NO. LACV087405 |
| Plaintiffs, | ) ) | **MOTION TO EXTEND TIME** |
| vs. | ) ) ) | **TO HOLD DISCOVERY CONFERENCE AND COMPLETE DISCOVERY PLAN** |
| BASSEL EID, M.D.; CEDAR RAPIDS MEDICAL EDUCATION FOUNDATION; CEDAR RAPIDS MEDICAL EDUCATION FOUNDATION d/b/a CEDAR RAPIDS FAMILY MEDICAL RESIDENCY; EASTERN IOWA HEALTH CENTER; ST. LUKE'S METHODIST HOSPITAL; and ST. LUKE'S METHODIST HOSPITAL d/b/a UNITYPOINT HEALTH CEDAR RAPIDS and/or ST. LUKE'S METHODIST HOSPITAL, | ) ) ) ) ) ) ) ) ) ) ) ) ) | **AND RE-SCHEDULE TRIAL SETTING CONFERENCE** **(UNRESISTED)** |
| Defendants. | ) ) | |

COME NOW the Plaintiffs, by and through the undersigned attorney, and in support of this Motion, states as follows:

1.      Plaintiffs' petition was filed on March 23, 2017, and Defendants St. Luke's and Cedar Rapids Medical Education Foundation filed their answers on April 17, 2017.

2.      Pursuant to I.R.C.P. 1.507 (1) a Discovery/Scheduling Conference must occur no later than 21 days after the Defendant's response to the petition making the deadline to hold the conference May 8, 2017.

3.      The trial setting conference in this matter is currently scheduled for May 23, 2017 at 10:45 a.m., and the parties are required to file the discovery plan prior to the trial setting conference.

4.     Counsel for the Plaintiffs is currently out on medical leave following colectomy surgery on April 21, 2017.  The recuperation period following this surgery is approximately three to four weeks.

5.     Counsel for the Plaintiffs has not yet been cleared by his physicians to return to work.

6.     Further, to date, no appearances or answers have been filed by Dr. Bassel Eid, M.D. or Eastern Iowa Health Center.

7.     Because of the above situations, as well as other personal and professional matters, additional time is needed for the parties to conduct the discovery conference and file the discovery plan and the trial setting conference needs to be continued to allow the parties to complete the discovery plan.

8.     Plaintiffs' counsel respectfully requests that the Court extend the deadline to hold the discovery conference to June 15, 2017 and reschedule the trial setting conference for a date after June 15, 2017.

9.     Plaintiffs' counsel's office has contacted counsel for St. Luke's and Cedar Rapids Medical Education Foundation and they have indicates that under the circumstances, they do not resist this Motion.

WHEREFORE, Plaintiffs respectfully request that for the reasons stated herein that deadline to hold the discovery conference be extended to June 15, 2017 and the trial setting conference be rescheduled by the Court for a date after June 15, 2017.

TOM RILEY LAW FIRM, P.L.C.

By:        */s/ Hugh G. Albrecht*
          _____
          HUGH G. ALBRECHT        AT0000426
          4040 First Avenue NE
          P.O. Box 998
          Cedar Rapids, IA 52406-0998
          Ph.:  (319) 363-4040
          Fax:  (319) 363-9789
          E-mail: hugha@trlf.com

          ATTORNEY FOR PLAINTIFF

Copy to:

Connie Alt
Tricia Hoffman-Simanek
500 US Bank Bldg.
P.O. Box 2107
Cedar Rapids, IA 52406

Frederick T. Harris
699 Walnut Street
1700 Hub Tower
Des Moines, IA 50309

---

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the above parties to the above cause through the electronic document management system on _____5/10/17_____. Any unregistered filer will be served with paper copy.

Signature:

_____*/s/ Jennifer Paine*_____

---

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | | |
|---|---|---|
| DERRICK DIXON, Individually; and | ) | |
| CATERIA DIXON, Individually and as | ) | |
| Parent and Next Friend of DD, | ) | |
| | ) | CASE NO. LACV087405 |
| Plaintiffs, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| BASSEL EID, M.D.; CEDAR RAPIDS | ) | |
| MEDICAL EDUCATION FOUNDATION; | ) | |
| CEDAR RAPIDS MEDICAL EDUCATION | ) | |
| FOUNDATION d/b/a CEDAR RAPIDS | ) | |
| FAMILY MEDICAL RESIDENCY; | ) | |
| EASTERN IOWA HEALTH CENTER; | ) | |
| ST. LUKE'S METHODIST HOSPITAL; and | ) | |
| ST. LUKE'S METHODIST HOSPITAL | ) | |
| d/b/a UNITYPOINT HEALTH CEDAR | ) | |
| RAPIDS and/or ST. LUKE'S METHODIST | ) | |
| HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

The Court, having reviewed Plaintiffs' Motion for Extension of Time to Hold Discovery Conference and complete Discovery Plan and to reschedule the Trial Setting Conference (Unresisted), finds that the Motion should be granted for the reasons stated therein.

IT IS THEREFORE ORDERED that the parties shall have until June 15, 2017 to conduct the Discovery Conference and the Trial Setting Conference scheduled for May 23, 2017 shall be re-scheduled for a date after June 15, 2017.



State of Iowa Courts

**Type:** OTHER ORDER

| **Case Number** | **Case Title** |
| --- | --- |
| LACV087405 | DERRICK DIXON ETAL VS BASSEL EID MD ETAL |

So Ordered

Denver D. Dillard, District Court Judge,
Sixth Judicial District of Iowa

Electronically signed on 2017-05-10 11:46:48    page 2 of 2